IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLARKSON BANK, ) | |
| ) | |
| Plaintiff, ) | Case No. CV02-110-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| GLADYS MARIE JAYO, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GLADYS MARIE JAYO, et al, ) | |
| ) | |
| Cross-Defendants. ) | |

On February 11, 2005, the Cross-Plaintiff, United States of America, moved for summary judgment on its cross claim against the Cross-Defendant, Gladys Marie Jayo, and heirs of Paul Jayo, Sr., deceased. On March 14, 2005, Gladys Marie Jayo, appearing pro se, filed an affidavit that among other things, requested an extension of time "to gather and provide copies of the records in my files and statements of witnesses" in opposition to the Motion for Summary Judgment.[1] (Docket No. 69). The Court granted Jayo an extension "up to and including May 16, 2005." (Docket No.70). On May 13, 2005, Jayo moved for a further extension, which was granted by an Order of this Court that provided for a response to the Motion for Summary Judgment by June 15, 2005. The June 15, 2005 deadline has now passed and Jayo has not filed a response brief or submitted the evidence alluded to in her extension requests or requested any additional time to do so. The Court, therefore,

---

[1] On February 28, 2005, the Court sent Gladys Marie Jayo a "Notice to Pro Se Litigants," which explained the summary judgment rule requirements. (Docket No. 68).

must consider this matter ripe for review. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

Pursuant to D. Idaho L. Civ. R. 7.1(c), if a party wishes to oppose a motion she "<u>must</u> serve and file a response brief . . . . any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely." Jayo did not comply with these requirements and therefore the Court may deem "such failure . . . to constitute a consent to the . . . granting of said motion." D. Idaho L. Civ. R. 7.1(e).  Under these circumstances, default summary judgment is proper unless "the movant's papers are themselves insufficient to support a motion for summary judgment or on their face reveal a genuine issue of material fact." <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 949 (9th Cir. 1993). In other words, the Court may properly grant summary judgment in favor of the moving party only if the movant's paper are sufficient to demonstrate that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. <u>Marshall v. Gates</u>, 44 F.3d 722, 725 (9th Cir. 1995) (summary judgment may not be granted simply because opposing party violated a local rule, if movant did not meet burden of demonstrating absence of genuine issue for trial).

Having reviewed the United States' moving papers, as well as the entire file, the Court finds it appropriate under the applicable standards to grant summary judgment in favor of the Cross-Plaintiff. The United States has correctly identified in its memorandum the elements it must prove to sustain its cross claim. (Mem in Supp. at 2). Moreover, the United States has submitted evidence to support each element. (Decl. of Dan Mattson and attached Exs.). Finally, nothing filed by Jayo or otherwise present in the record creates a genuine issue of material fact as to any element so as to preclude the entry of summary judgment.  Therefore, the Court will grant the Motion for Summary Judgment.

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that the Motion for Summary Judgment on Cross Claim (docket no. 66) is **GRANTED**, and that the United States shall submit within fourteen (14) days of the date of this order a proposed judgment consistent with the above Order.

DATED: **July 1, 2005**

Honorable Edward J. Lodge
U. S. District Judge